IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CONSTRUTODO, S.A. DE C.V. d/b/a §
CONSTRUMEX,                      §
                                §
            Plaintiff,          §
                                §
VS.                             §   CIVIL ACTION H-12-3026
                                §
CONFICASA HOLDINGS, INC.,       §
EDUARDO PEREZ ALDUNCIN,         §
RICARDO PEREZ ALDUNCIN, and     §
WALTER CHAN,                    §
                                §
            Defendants.         §

**<u>OPINION AND ORDER OF DISMISSAL</u>**

Pending before the Court in the above referenced diversity action[1] alleging breach of contract, common law fraud, breach of fiduciary duty, and theft of property under the Texas Theft Liability Act, are (1) Defendants Conficasa Holdings, Inc., Educardo Perez Alduncin, Ricardo Perez Alduncin, and Walker Chan's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction (instrument #17) on the grounds that Plaintiff Construtodo, S.A. de C.V. d/b/a Construmex is not a party to the Collaboration Agreement (the "Agreement") in dispute,[2] which was

---

[1] Defendants are all citizens of Texas, while Plaintiff Construtodo, S.A. de C.V. d/b/a Construmex claims it is a wholly owned subsidiary of Cementos Mexicanos ("CEMEX"), a Mexican corporation.

[2] A copy of an English translation of the May 10, 2000 Agreement is found at #18-1. The Agreement at p. 5 states that Texas law applies to the interpretation and performance of the Agreement.

between Construtodo, Inc. and Conficasa Holdings, Inc. and has no injury in fact, and therefore Plaintiff has no standing to bring this suit; and (2) Plaintiff's alternative motion for leave to amend under Federal Rule of Civil Procedure 17(a)(3)(#24).

In addition to claiming that Plaintiff lacks standing to sue on the Agreement, Defendants further assert that the correct contracting party and proper plaintiff, Construtodo, Inc., forfeited its corporate privileges over three years ago, so its claims are extinguished, and it is too late for it to revive its corporate privileges and claims.

## Standard of Review

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists, here the plaintiff, must bear the burden of proof for a 12(b)(1) motion. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke

-2-

federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC,* Bankr. No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), *citing Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878-79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (5th Cir. 2000).   A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).   In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3, *citing Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

If it is a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id., citing Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).   A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Patterson v. Weinberger*, 644 F.3d 521, 523 (5th Cir. 1981).   The plaintiff, to satisfy its burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction exists. *Id*.   The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, H-06-

4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008), *citing Garcia*, 104 F.3d at 1261.   "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.   In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist."   *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).   In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit,[3] has significant authority "'to weigh the

_____

[3] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.). *cert. denied*, 454 U.S. 897 (1981).] "Jurisdictional issues are for the court--not the jury--to decide, whether they hinge on legal or factual determinations. *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985).   The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*,613 F.2d 507, 511-12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

-4-

evidence and satisfy itself as to the existence of its power to hear the case.'" *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), *quoting Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997), and *citing Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

Here Defendants have submitted copies of the Agreement (#18-1), of Plaintiff's June 12, 2013 Response to Request for Admission No. 1 and of Defendants' May 10, 2013 Request for Admission No. 1 (#18-2), and of the Texas Secretary of State's forfeiture of Construtodo, Inc.'s corporate charter as of July 24, 2009 (#18-3). Named Plaintiff, in opposition to the motion to dismiss, has submitted as Exhibit A, #27, a notarized document "drafted by Plaintiff's representatives" and signed by attorney Alberto Rendon Alanis, in-house counsel for CEMEX, claiming CEMEX is the real party in interest and that Plaintiff Construtodo, S.A. de C.V. is a Mexican corporation and wholly owned subsidiary of CEMEX. Thus the Court reviews the motion as a factual attack.

Federal Rule of Civil Procedure 17(a)(1) provides, "An action must be prosecuted in the name of the real party in interest." "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Wieburg v. GTE Sw. Inc,*, 272 F.3d 302, 306 (5th Cir. 2001).

Rule 17(a)(3) states,

The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

**Defendants' Rule 12(b)(1) Motion to Dismiss (#18)**

Defendants claim that the proper parties to a suit on a contract are the signatories to that document or those who have otherwise indicated that they consent to be bound by the contractual promises. *Willis v. Donnelly*, 199 S.W. 3d 262, 271 (Tex. 2009).  The first sentence of the Agreement shows that Construtodo, Inc, and Conficasa Holdings, Inc. are the signatories and therefore the proper parties to this suit.  (Hector Ureta signed the Agreement as the legal representative of Construtodo, Inc..)  They argue that Construtodo, Inc. is a wholly owned subsidiary of Construmexcla S.A.  Ex. C.  Because this suit has not been brought by the real party in interest, Defendants insist that the Court must dismiss it.  They point out that the Agreement, Ex. A, ¶ 13 expressly states, **"PROHIBITION OF ASSIGNMENT AND/OR AMENDMENT**:  This Agreement may not be assigned or transferred in any way, either totally or partially, without the prior consent in writing of the Parties.  Any assignment or transfer of the contents of this instrument[] shall be null and void and shall have no legal

effect whatsoever."

Defendants emphasize that in *Farris v. Sambo's Restaurants, Inc.*, 498 F. Supp. 143, 145 (N.D. Tex. 1980), the district court, citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), and progeny, held that if a state law bars a suit, that same suit could not be filed in federal court in that state under diversity jurisdiction.  The *Farris* court wrote,

> While technically the corporation may have capacity to sue in the federal court pursuant to Rule 17(b), it cannot recover where recovery would not be possible in the state court.  Any valid state law closing its courts to a foreign corporation, which is not qualified to do business in the state must, therefore, be given effect in the federal courts of such state in a case based solely on diversity or alienage jurisdiction.

*Id.* at 145.  *See also Woods v. Interstate Realty Co.*, 337 U.S. 535, 538 (1949)(opining that "for purposes of diversity jurisdiction, a federal court is in effect only another court of the state.").  In *Farris*, the district court held that where a Tennessee corporation, which was not registered to do business in Mississippi, attempted to file a federal diversity suit in Mississippi, the Mississippi disqualification statute barred it from doing so.  498 F. Supp. at 145.[4]

In Texas, under Texas Tax Code § 171.251,[5] the Secretary of

---

[4] The Court cites *Sun Packing, Inc. v. XenaCare Holdings, Inc.*, 924 F. Supp. 2d 749, 754 (S.D. Tex. Dec. 6, 2012), in which Judge Ellison discussed this rule.

[5] Section 171.251 of the Texas Tax Code Annotated (2008) provides,

State may forfeit the charter of authority of a corporation that
fails to pay franchise taxes under the Texas Tax Code § 171.309.[6]

---

> The comptroller shall forfeit the corporate privileges of a
> corporation on which the franchise tax is imposed if the
> corporation:
>
> (1) does not file, in accordance with this chapter and
> within 45 days after the date notice of forfeiture is
> mailed, a report required by this chapter;
>
> (2) does not pay, within 45 days after the date notice of
> forfeiture is mailed, a tax imposed by this chapter or
> does not pay, within those 45 days, a penalty imposed by
> this chapter relating to that tax; or
>
> (3) does not permit the comptroller to examine under
> Section 171.211 of this Code the corporation's records.

Section 171.252 of the Tax Code states in relevant part,

> If the corporate privileges of a corporation are
> forfeited under this subchapter:
>
> (1) the corporation shall be denied the right to sue or
> defend in a court of this state . . . .

Nevertheless both Texas state and federal courts have construed the
language in this section to bar entities whose rights have been
forfeited only from filing a suit after the forfeiture, but not
from continuing an action filed before the forfeiture, and *See,
e.g., Tex. Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 403-04 (5th
Cir. 2008); *Waterway Ranch, LLC v. City of Annetta*, ___ S.W. 3d
_____, No. 02-12-00309-CV, 2013 WL 4473713, at *4 (Tex. App.--Fort
Worth, Aug. 22, 2013).

[6] Section 171.309 states,

> The secretary of state may forfeit the charter,
> certificate of registration of a taxable entity if:
>
> (1) the secretary receives the comptroller's
> certification under Section 171.302 ["After the 120th day
> after the date that the corporate privileges of a
> corporation are forfeited under this chapter, the
> comptroller shall certify the name of the corporation to

-8-

Once the corporate privileges are forfeited, "the corporation shall be denied the right to sue or defend in a court of this state." § 171.252. Nevertheless, Defendants observe that the Texas Business Organizations Code § 11.356(a)(1) permits a dissolved corporation to continue its existence for a period of three years for the purpose of prosecuting or defending any action by or against the dissolved corporation. In 1993 the Legislature amended the definition of "dissolved corporation" to include those corporations "whose charter was forfeited pursuant to the Tax Code." Former article 7.12(F)(1)(e) of the Texas Business Corporations Act; § 7.12 was replaced by the Texas Business Organizations Code § 11.356.

Construtodo, Inc. is a Delaware corporation, which, in 2004, applied for a Texas Certificate of Authority. Ex. C. In 2005 it entered into the Agreement in dispute with Conficasa. Ex. A. On July 24, 2009 the Texas Secretary of State forfeited Construtodo, Inc.'s registration. Ex. C. Since then it has taken no action to revive its corporate privileges. Plaintiff does not contest these assertions.

Defendants correctly argue that the tax forfeiture statue and the three-year limited survival statute together extinguish all

---

the attorney general and the secretary of state."]; and

(2) the taxable entity does not revive its forfeited privileges within 120 days after the date that the privileges were forfeited.

-9-

claims by or against a dissolved corporation unless an action or proceeding on the claims is brought within three years of the dissolution. *Emmett Properties, Inc. v. Halliburton Energy Services,* 167 S.W. 3d 365, 369-70 (Tex. App.--Houston [14[th] Dist.] 2005, pet. denied). *See also Tex. Clinical Labs, Inc. v. Leavitt*, 535 F.3d 397, 403 (5th Cir. 2008)(Section 171.252 of the Texas Tax Code "bars corporations from filing suit only *after* they have forfeited their right to do business."); *Darocy v. Chase Home Fin.*, No. 3:10-CV-1259-L, 2011 WL 1938151, at *6 (N.D. Tex. May 18, 2011)(dismissing plaintiff whose entity had been terminated more than three years before it filed suit because its claims were extinguished). Construtodo, Inc.'s corporate privileges were forfeited as of July 24, 2009. Ex. C. This action was not filed until October 10, 2012, more than three years after the forfeiture. Defendants insist that all claims of Construtodo, Inc. against Defendants were extinguished as of July 24, 2012.

In sum, Defendants argue that Plaintiff Construtodo, S.A. de C.V. d/b/a Construmex is not the real party in interest and must be dismissed. Any claim by the real party in interest, Construtodo, Inc., has been extinguished. Therefore the Court lacks subject matter jurisdiction and must dismiss all claims against Defendants.

**Plaintiff's Response in Opposition (#24) and Submission (#27)**

Plaintiff argues that Plaintiff is wholly owned by CEMEX, its parent corporation and the real party in interest here.  #27,

Exhibit A, Statement in the nature of an affidavit of counsel for CEMEX, Alberto Rendon Alanis (stating that Construmex and Construtodo, Inc. were and are "subsidiaries of CEMEX, created for the sole purpose to operate the program named Construmex. . . . This litigation is brought and financed by CEMEX.  CEMEX is the in[j]ured party.").  Plaintiff asserts,

> Under Mexican law, Sociedad Anonima (S.A.) and Sociedad Anonima De Capital Variable ("S.A. de C.V.") are negotiable stock corporations of two or more persons whose liabilities for acts of the corporation are limited to their capital contribution.  Regardless of where it operates, the contracting entity is not a separate corporation from the parent.  Construtodo is an operating name for Construmex and the agreement upon which both entities and CEMEX has sued is between CEMEX and Conficasa, as the pleading states.

#24 at p.1.  Plaintiff asks the Court to deny the motion to dismiss.

In the alternative, Plaintiff seeks leave to amend pursuant to Rule 15(a)[7] and Rule 17(a)(3) to join CEMEX as the real party in

---

[7]     Federal Rule of Civil Procedure 15(a) provides in relevant part,

> (1) **Amending as a Matter of Course**.  A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) **Other Amendments**.  In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

A court has discretion in deciding whether to grant leave to amend.

interest.

Plaintiff maintains that there is no prejudice where the motion to amend does not seek to add "new" parties, i.e., strangers to the suit, but only parties whose rights and interests have been at issue all along in the action and about whom there has been full discovery regarding the issues in dispute. Plaintiff observes CEMEX is named as the parent company in the body of the original pleadings.

### Defendants' Rejoinder (#28)

Defendants insist that Plaintiff is not a party to the Agreement and cannot disregard its own corporate existence to become the real party in interest, and that nonparty CEMEX, though the ultimate party, is also not the real party in interest. The real party in interest, Construtodo, Inc., failed to timely assert

---

*Foman v. Davis*, 371 U.S. 178, 181 (1962). Since the language of Federal Rule of Civil Procedure 15(a) "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

its claim, as discussed.

Defendants further argue that Plaintiff's Exhibit A, the statement from CEMEX's counsel, shows that Plaintiff does not have standing here. It claims that Plaintiff is a sister corporation to Construtodo, Inc. A sister corporation cannot sue on behalf of another sister corporation. *Diesel Systems, Ltd. v. Yip Shing Diesel Engineering Co., Ltd.*, 861 F. Supp. 179, 181 (E.D.N.Y. 1994)("A corporation does not have standing to assert claims belonging to a related corporation, simply because their business is intertwined."), *citing Picture Lake Campground v. Holiday Inns, Inc.*, 497 F. Supp. 858, 863 (E.D. Va. 1980); *see also Mobius Risk Group, LLC v. Global Clean Energy Holdings, Inc.*, Civ. A. No. H-10-1708, 2011 WL 3568074, *5 (S.D. Tex. Aug. 15, 2011)(same; cases cited therein). "[W]here the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone . . . who has a right of recovery, even though in an economic sense real harm may be sustained [by other entities as a result] . . . of such wrongful acts.'" *Mobius*, 2011 WL 3568074, *5. "'Courts will not allow a parent corporation to pierce the corporate veil it set up for its own benefit in order to advance the claims of its subsidiary.'" *Id.*, *quoting Pennsylvania Engineering Corp v. Islip Resource Recovery Agency*, 710 F. Supp. 456, 465 (E.D.N.Y. 1989). Nor can a corporation "sue to recover costs incurred by its

subsidiaries; ' a parent corporation cannot create a subsidiary and then 'ignore its separate corporate existence whenever it would be advantageous to the parent.''"  *Id*. at *4, *quoting id.*

Moreover, Defendants assert that while the affidavit of CEMEX's attorney suggests that Plaintiff and Construtodo, Inc. are sister corporations and that Construtodo, Inc. is a subsidiary of CEMEX, Defendants' Exhibit C at p.3, Section C, a copy of Construtodo, Inc.'s Texas Franchise Tax Public Information Report from the Texas Secretary of State, indicates that Construtodo, Inc. is 100% owned by Contrumexcla, S.A., not CEMEX.  CEMEX is not a party to this suit, but even if it were, the black letter law that a parent corporation (or ultimate parent corporation, if that is CEMEX's status) cannot sue for injuries to its subsidiaries. *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 397 (S.D. Tex. 2011)(parent of subsidiary corporation [which incurred damages] lacked standing to assert the subsidiary's claim); *Schenley Distillers Corp. v. United States*, 326 U.S. 432, 435 (1946)(parent corporation had no standing to sue); *Cementos De. Chihuahua v. Intermodal Sales Corp.*, 162 S.W. 2d 581, 585-86 (Tex. App.--El Paso 2005, no writ)(sister corporation not liable for another sister corporation's debt; case involved downstream subsidiaries of CEMEX).

### Court's Decision

"Standing is a constitutional prerequisite to suit.  A court

-14-

has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it.  If a plaintiff lacks standing to assert a claim, the court lacks jurisdiction over that claim and must dismiss it, and if the plaintiff lacks standing to bring any of its claims, the court must dismiss the whole action for want of jurisdiction." *Lone Star College System v. Immigration Reform Coalition of Texas*, ____ S.W. 3d ____, No. 14-12-00819-CV, 2013 WL 5655882, at *6 (Tex. App.--Houston [14th Dist.] Oct. 17, 2013), *citing Heckman v. Williamson County*, 369 S.W. 3d 137, 150 (Tex. 2012).

Plaintiff Construtodo, S.A. de C.V. d/b/a Construmex bears the burden of establishing standing and thus subject matter jurisdiction.

"Traditionally, the presence or absence of signatures on a contract is relevant in determining whether the contract is binding on the parties. *Tukua Investments, LLC v. Spenst*, ____ S.W. 3d __, 2013 WL 4106670, *3 (Tex. App.--El Paso Aug. 14, 2013).  An otherwise valid contract is not necessarily destroyed where a party's signature is absent if other evidence establishes the nonsignatory's unconditional assent to be bound by that agreement. *Id., citing In re Citgo Petroleum Corp.*, 248 S.W. 3d 769, 774 (Tex. App.-Beaumont 2008), and *DeClaire v. G&B McIntosh Family Ltd. Partnership*, 260 S.W. 3d 34, 44 (Tex. App.--Houston [1st Dist.] 2008, no pet.)(nonsignatory may accept a contract signed by the

other party by his acts, conduct, or acquiescence). Plaintiff has not provided evidence of any such conduct by CEMEX to show CEMEX's assent to be bound.

Moreover, the Court finds that Plaintiff has failed to circumvent long established principles of corporate law. It is a general principle of corporate law that a parent corporation is not liable for the acts of a subsidiary. *See Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 447 F.3d 411, 416 (5th Cir. 2006)("A bedrock principle of corporate law is that 'a parent corporation . . . is not liable' for actions taken by its subsidiaries.")(*quoting United States v. Bestfoods*, 524 U.S. 51, 61 (1998)), *cert. denied*, 549 U.S. 1051 (2006). A black letter rule of law is "that a parent corporation maintains separate citizenship from a subsidiary unless it exerted such an overwhelming level of control over the subsidiary that the two companies do not retain separate corporate identities." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 351 (3d Cir. 2013), *citing Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972).[8]

---

[8] Under the alter ego doctrine, recognized by the Fifth Circuit, a parent company can be liable for the actions of its subsidiary if "(1) the company exercised complete control over the corporation with respect to the transaction at issue, and (2) such control was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *Bridas*, 345 F.3d at 359; *Vanderbilt Mortg. and Finance, Inc. v. Flores*, 747 F. Supp. 794, 823 (S.D. Tex. 2010). "Under Texas law the alter ego doctrine allows the imposition of liability on a corporation for the acts of another corporation when the subject corporation is organized or operated as a mere tool or business conduit" and it "applies 'when there is

Plaintiff has failed to show such control by CEMEX over it. Moreover Defendant has submitted evidence that CEMEX is not Plaintiff's parent company, but that it is a wholly owned subsidiary of Contrumexcla, S.A.  Because of these established principles, Plaintiff's alternative motion for leave to amend under Rule 17(a)(3) to join CEMEX as the real party in interest is DENIED.

The evidence shows that the party which signed the contract and which is the real party in interest had its corporate privileges forfeited by the Texas Secretary of State over three years ago and therefore as a matter of law may not sue in Texas. Plaintiffs have not controverted this evidence.

For these reasons, the Court

ORDERS that Plaintiff's alternative motion for leave to amend under Rule 17(a)(3)(#24) is DENIED.  The Court further

ORDERS that Defendants' Rule 12(b)(1) motion (#17) is GRANTED. All claims brought against Defendants by Construtodo, S.A. de C.V. d/b/a Construmex are DISMISSED, as is this suit, because Plaintiff

---

such unity between the parent company and its subsidiary that separateness of the two corporations has ceased and holding only the subsidiary corporation would result in injustice.'" *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 593 (5th Cir. 1999).  The rationale for the doctrine "is that if the shareholders themselves, or the corporations themselves, disregard the legal separation, distinct properties, or proper formalities of the different corporate enterprises, then the law will likewise disregard them as far as necessary to protect individual and corporate creditors." *Id.* at n.2.  There has been no such showing of complete control or unity here.

does not have standing to bring them in this Court and therefore
the Court lacks subject matter jurisdiction over this case.[9]

      **SIGNED** at Houston, Texas, this <u>31st</u> day of <u> January </u>, 2014.

                               _____
                                    MELINDA HARMON
                       UNITED STATES DISTRICT JUDGE

---

    [9] Defendants have filed counterclaims (#14 and 15) for court
costs and attorney's fees under Texas Civil Practice & Remedies
Code 134.005(b)("Each person who prevails in a suit under this
chapter shall be awarded court costs and reasonable and necessary
attorney's fees.") if Defendants prevailing on the merits of the
Texas Theft Liability Act claim.  Because the merits of this claim
cannot be reached for lack of subject matter jurisdiction over this
suit, these counterclaims are moot.